IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

P.C.C. CONSTRUCTION COMPONENTS, INC.
(A Maryland Corporation)
7600 Lindbergh Drive, Unit C
Gaithersburg, MD 20879

*Plaintiff,*

v.

GILBANE BUILDING COMPANY
(A Rhode Island Corporation)
7901 Sandy Spring Road, Suite 500
Laurel, MD 20707

SERVE:
The Corporation Trust Incorporated,
Resident Agent
351 West Camden Street
Baltimore, MD 21201

*Defendant.*

Case No. CAL14-18014

FILED

JUL 16 2014

CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGES COUNTY, MD.

## COMPLAINT

Plaintiff, P.C.C. Construction Components, Inc. ("PCC"), by counsel, hereby sues Defendant, Gilbane Building Company ("Gilbane"), and for cause states as follows:

### INTRODUCTORY FACTS

1. PCC is a Maryland corporation with its principal place of business located in Montgomery County, Gaithersburg, Maryland. PCC is a commercial construction contractor engaged in the business the installation of glass curtain wall systems and architectural metal panels.

2. Gilbane is a Rhode Island Corporation with its principal place of business located

in Prince George's County, Laurel, Maryland. Gilbane is engaged in the business of commercial construction contracting.

3. PCC entered into a subcontract with Gilbane to install aluminum entrances, storefronts and windows, along with glazed aluminum curtain wall at the NIAID Integrated Research Facility in Ft. Detrick, Frederick County, Maryland (the "Subcontract").

4. PCC completed all work required under the Subcontract, and the work was accepted by Gilbane in 2009.

5. In August 2013, Gilbane requested that PCC return to the project to remove certain ¼" spandrel glass which had properly been installed by PCC in 2009, and replace the ¼" spandrel glass with 1" insulated glass (hereinafter the "glass replacement work").

6. The reason that the glass replacement work was required is that the project designer incorrectly specified the ¼" spandrel glass, which resulted in condensation damage to the building due to moisture collection.

7. PCC commenced the removal and replacement of the glass in October 2013.

8. In June 2014, PCC completed all of the glass replacement work requested by Gilbane.

9. The total value of the glass replacement work is $501,770.15, of which Gilbane, by Subcontract change order numbers 33 through 37, has paid PCC $282,449.00, leaving a balance due of $219,321.15.

## COUNT I
### Breach of Contract

10. The allegations contained in Paragraphs 1 through 9 are hereby incorporated by reference as if fully set forth herein.

2

11. Gilbane is obligated to pay PCC for the glass replacement work under the Subcontract.

12. Gilbane has agreed to Subcontract change order numbers 33 through 37, and has made partial payment to PCC $282,449.00 for the glass replacement work.

13. PCC has demanded payment of the balance due for the glass replacement work in the amount of $219,321.15, and Gilbane has failed and refused to pay.

14. PCC has performed all work required by the Subcontract, except where such work may have been waived, prevented or excused by Gilbane.

15. PCC has demanded payment from Gilbane and Gilbane has failed and refused to pay.

16. Gilbane's failure and refusal to pay PCC constitutes a breach of the Subcontract.

17. As a proximate result of the breach the Subcontract by Gilbane, PCC has suffered damages in the amount of $219,321.15.

18. WHEREFORE, P.C.C. Construction Components, Inc. hereby requests that this Court enter judgment in its favor and against Gilbane Building Company in the amount of $219,321.15, plus pre-judgment interest, and costs of this action.

## COUNT II
### Quantum Meruit

19. The allegations contained in Paragraphs 1 through 17 are hereby incorporated by reference as if fully set forth herein

20. PCC provided valuable work and material to Gilbane, at PCC's expense.

21. The glass replacement work was provided at the request of Gilbane.

22. PCC has fully performed the glass replacement work, and Gilbane has received

the benefit of that work.

23. PCC is entitled to compensation for the full value of the glass replacement work provided.

24. WHEREFORE, P.C.C. Construction Components, Inc. hereby requests that this Court enter judgment in its favor and against Gilbane Building Company in the amount of $219,321.15, plus pre-judgment interest, and costs of this action.

Respectfully Submitted,

GREENBURG & SPENCE, LLC

Dated: July 15, 2014.

By: _____
Donald H. Spence, Jr., Esq.
dspence@gstlaw.com
814 W. Diamond Avenue, Suite 320
Gaithersburg, Maryland 20878
(301) 963-1043
(301) 560-5767 fax

Attorneys for P.C.C. Construction Components, Inc.